UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE FRANKLIN YOUNG,

   Petitioner,

v.                                          Case No. 4:23-cv-12-MW-MJF

RICKY D. DIXON,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner George Franklin Young, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 7. Young opposes the motion. Doc. 9. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Young's petition should be dismissed as time-barred.[1]

### I.   BACKGROUND AND PROCEDURAL HISTORY

In Alachua County Circuit Court Case No. 2015-CF-000885, Young was convicted of Sexual Battery on a Person Less Than 12 Years of Age by a Person 18

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Years of Age or Older. Doc. 7, Ex. C (J. & Sentence).[2] The trial court sentenced Young to imprisonment for life. *Id*. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on December 11, 2017, without written opinion. *Young v. State*, No. 1D16-3915, 237 So. 3d 956 (Fla. 1st DCA 2017) (Table) (per curiam) (copy at Ex. F). Young did not move for rehearing and did not seek further direct review. Doc. 1 at 2.

On April 12, 2018, Young filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later supplemented. Exs. G, H. The state circuit court denied the motion on April 2, 2018. Ex. I. The First DCA affirmed without written opinion. *Young v. State*, No. 1D21-536, 331 So. 3d 692 (Fla. 1st DCA 2021) (Table) (per curiam) (copy at Ex. M). The mandate issued January 5, 2022. Ex. M.

Young filed his federal habeas petition on January 6, 2023. Doc. 1. The State moves to dismiss Young's petition as time-barred under 28 U.S.C. § 2244(d)(1). Doc. 7.

## II.   DISCUSSION

**A.   <u>The Federal Habeas Limitations Period</u>**

---

[2] Hereafter, all citations to the state-court record are to the electronically-filed exhibits attached to the State's motion to dismiss, Doc. 7.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Young's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

B.  **Young's Habeas Petition Is Untimely**

Young does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly

recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Young's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Young did not seek further direct review in the United States Supreme Court. Accordingly, Young's judgment became "final" for purposes of 2244(d)(1)(A), on March 12, 2018, when the 90-day period for him to file a *certiorari* petition in the United States Supreme Court expired.[3] *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires.").

The federal habeas limitations period began to run one day later, on March 13, 2018, and expired one year later, on March 13, 2019, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year

---

[3] The 90th day was March 11, 2018, but because that was a Sunday, Young had until the following Monday, March 12, 2018, to file his *certiorari* petition in the United States Supreme Court. *See* Sup. Ct. R. 30.1.

limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Young allowed 30 days of the limitations period to run before filing his Rule 3.850 motion on April 12, 2018. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled from April 12, 2018 (the date it was filed) until January 5, 2022 (the date the mandate issued in Young's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

Young asserts that his Rule 3.850 proceeding was pending until February 25, 2022. Doc. 9 ¶ 5. Young explains that on December 16, 2021, he filed in the First DCA a motion for extension of time—until January 23, 2022—to move for rehearing. *Id*. ¶ 4. Young argues that:

> Any *Motion For Rehearing* in case number 1D21-536 filed on January 24, 2022, would not have a ruling pursuant Fla. R. App. P. 9.330 or 9.331 or final disposition prior to February 25, 2022, considering January 23, 2022 was a Sunday and mail forwarding time.

Doc. 9 ¶ 5.

The problem with Young's argument is that on December 21, 2021, the First DCA *denied* his motion for extension of time to move for rehearing. Attach. 1 (Docket Sheet of 1D21-536). And what's more, Young *did not file* a motion for rehearing. *Id*.

Thus, Young's limitations clock started running again on January 6, 2022, and expired 335 days later on December 6, 2022. Young's federal habeas petition, filed on January 6, 2023, is untimely by one month.

C. **Young's Untimely Petition Should Be Dismissed**

Young does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. The District Court, therefore, should dismiss Young's untimely petition.

### III. A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 7, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction and sentence in *State of Florida v. George Franklin Young a/k/a George Franklin Young, Jr.*, Alachua County Circuit Court Case No. 2015-CF-000885, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 5th day of June, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the**

**district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**